# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **BYRON HARTSHAW, #373250,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 1:22-cv-00035 |
| | ) |
| **T.D.O.C.,** | ) JUDGE CAMPBELL |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Byron Harshaw, an inmate of the South Central Correctional Facility (SCCF) in Clifton, Tennessee, filed this pro se civil rights action and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) in the Western District of Tennessee. Because the Complaint (Doc. No. 1) concerns the conditions of Plaintiff's confinement at SCCF, which lies in this judicial district, the Western District properly transferred the matter here. (Doc. No. 4.)

The case is now before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. IFP APPLICATION

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a) if he satisfies the requirements to proceed IFP established in 28 U.S.C. § 1915(a). Because Plaintiff's IFP application satisfies those requirements and establishes his inability to prepay the filing fee, that application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of

Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. To determine whether the Complaint states a plausible claim, the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A

pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a viable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Analysis**

Plaintiff sues "T.D.O.C.," the Tennessee Department of Correction, for "assign[ing] an offender who[ ] is charged with shooting [Plaintiff] to be housed" at SCCF with him. (Doc. No. 1 at 4.) He alleges that after his shooter "pled out" and was transferred to SCCF, the two were involved in an altercation where Plaintiff stabbed the other inmate in self-defense. (*Id.*) In a statement included with his Complaint, Plaintiff adds that his shooting occurred in 2013, that TDOC sent the other inmate to SCCF despite the fact that "it's in his file that he shot [Plaintiff]," and that Plaintiff was put on close custody following the altercation and stabbing. (Doc. No. 1-2.) Claiming that TDOC sent the other inmate to SCCF "to finish the job," Plaintiff seeks an award of damages for his resulting pain, suffering, and emotional stress. (Doc. No. 1 at 4–5.)

Liberally construed, Plaintiff's allegations may be viewed as raising an Eighth Amendment failure-to-protect claim. To state a viable failure-to-protect claim, an inmate must allege that officials were deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer*

*v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To meet this standard, the inmate must show that officials were "subjectively aware of the risk" of harm and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 847).

However, negligent disregard of a risk to prisoner safety "is quite different" than deliberate indifference to the risk. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). A lack of due care in housing inmates with a history of violent behavior toward one another in the same prison does not involve the requisite level of subjective culpability to amount to an infliction of punishment under the Eighth Amendment. *See id.* at 347–48; *see also Farmer*, 511 U.S. at 837 ("The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"). The only support in the Complaint for a finding of deliberate indifference rather than negligence on TDOC's part is that, though the shooter was transferred to SCCF years after the shooting in question, TDOC remained on notice of his history with Plaintiff at the time of the transfer. The Court cannot reasonably infer deliberate indifference to Plaintiff's safety from these sparse allegations.

Furthermore, even if Plaintiff adequately alleged deliberate indifference in the transfer of his shooter to SCCF, he is prevented by the Eleventh Amendment from recovering damages against TDOC. "The Eleventh Amendment to the United States Constitution bars claims for damages against a state, its agencies, and its employees in their official capacities unless a state has a waived its immunity." *Vick v. Core Civic*, 329 F. Supp. 3d 426, 447 (M.D. Tenn. 2018) (citing *Quern v. Jordan*, 440 U.S. 332, 337 (1979)). Because TDOC is an agency of the State of Tennessee, it is entitled to Eleventh Amendment immunity unless Tennessee has waived that immunity. *Id.* at 450 (citing *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997)). Tennessee

4

has not waived its immunity, *see Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986), and Plaintiff therefore may not claim damages against TDOC.

In sum, Plaintiff fails to state a colorable Eighth Amendment claim against the sole defendant, TDOC, which is immune from this suit for damages in any event.

### III. CONCLUSION

For the reasons given above, Plaintiff's IFP application (Doc. No. 2) is **GRANTED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and (iii), for failure to state a claim upon which relief can be granted and for seeking monetary relief against an immune defendant. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

For purposes of service of this Order, the Clerk **SHALL** correct the docket of this case to reflect Plaintiff's address at the South Central Correctional Facility, 555 Forest Avenue, P.O. Box 279, Clifton, Tennessee 38425.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE